### No. 614
### RICKETTS v. ALLEN

Ohio Appeals, 2nd Dist., Montgomery Co.
No. 621. Decided June 1, 1925

792. MARRIAGE—Breach of Contract of—
1. In which court instructs jury that if there has been failure to prove allegations of plaintiff's bad character set forth by defendant, that this might be taken into consideration in assessing damages, held erroneous.

2. Limitation that unless charge was made in good faith, or made believing it to be true, should have accompanied such instruction.
BY THE COURT.

Victoria Allen brought a suit in the Montgomery Common Pleas against Samuel Ricketts to recover damages for the breach of a contract of marriage. The case was tried and resulted in a verdict of $5000 in favor of Allen. Error was prosecuted, and the Court of Appeals held:

The trial court in the general charge gave in substance the following instruction to the jury:—"Ricketts claims that Allen is a blackmailer, a vampire, a woman unworthy and without character—if you do not find that her activities were from an impure and dishonest motive, you may take that failure into consideration in assessing damages in this case."

This portion of the charge constituted prejudicial error and if a charge upon that subject was to be given, it should have been accompanied with the limitation that unless the charge made against Allen was made in good faith, or unless there existed good reason to believe the charge to be true. This would be in harmony with the rule laid down in White v. Thomas, 12 OS. 312.

Judgment reversed and cause remanded.

Attorneys—L. B. McIlhenny, for Ricketts; Marshall & Harlan for Allen; all of Dayton.

---

### No. 615
### BRUNING v. BRUNING

Ohio Appeals, 6th Dist., Lucas Co.
No. 1567. Decided May 28, 1925

677. JUDGMENTS AND DECREES—Cannot be reversed on weight of evidence by Court of Appeals except by concurrence of all judges.
WILLIAMS, J.

Henry Bruning brought proceedings in the Lucas Common Pleas seeking a divorce from his wife, Jessie Bruning. The wife filed a cross-petition praying for a divorce and alimony and for custody of a minor child. On trial the cross-petition was dismissed and Henry Bruning was granted a divorce.

The court adjudged that certain real property be decreed to the wife upon the express condition that she pay the mortgage indebtedness against the property with interest. The notes which she was then obliged to pay, were made a lien upon the property so decreed to her.

Error was prosecuted by Bruning and it was claimed that the judgment of the lower court was manifestly against the weight of the evidence in respect to the division of property. The Court of Appeals held:

There is a division of opinion as to whether or not the court below should have, in some way, provided for an entire separation of the property rights of the parties, so that there would have been no liability upon the husband for an indebtedness remaining against the property in the event of default of the wife in making payments required of her. As it requires the concurrence of all the judges of the court to reverse a judgment of the court below upon that ground, the judgment is affirmed.

Attorneys—Geo. A. Bassett for plaintiff. S. S. Burtsfield for defendant; both of Toledo.